**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TAX-FREE FIXED INCOME FUND FOR PUERTO RICO RESIDENTS, INC., et al.<br><br>Plaintiffs<br><br>v.<br><br>OCEAN CAPITAL LLC, et al.<br><br>Defendants | Civil No. 22-1101 (GMM)(GLS) |

## REPORT AND RECOMMENDATION

Nine closed-end investment companies initiated the instant action to claim relief for purported violations to the Securities Exchange Act of 1934 ("Exchange Act"). The First Amended Complaint asserts violations to Sections 13(d), 14(a) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78m(d), 78n(a), 78t(a), and to the applicable rules and regulations of the Securities and Exchange Commission, by Defendants— Ocean Capital LLC, William Heath Hawk, José R. Izquierdo II, Brent D. Rosenthal, Roxana Cruz-Rivera, Ethan Danial, Mojdeh L. Khagan, PRCE Management LLC, Benjamin T. Eiler, Vasileios A. Sfyris, Francisco González, Gustavo Nevárez Torres, Alejandro Acosta Rivera, Honne II, LP, Meir Hurwitz ("Hurwitz"), Mario J. Montalvo, José M. Pérez-Gutiérrez, RAD Investments, LLC, Sanzam Investments LLC, Juan E. Soto Alvarado, Sandra Calderón, The Estate of José Hidalgo, and Avraham Zeines. Docket No. 111. Hurwitz filed a motion to dismiss for insufficient service. Docket No. 144. Plaintiffs opposed and Hurwitz replied. Docket Nos. 153, 164. The case was referred to the undersigned for full pre-trial management and for Report and Recommendation on dispositive motions. Docket No. 61. The Court recommends that Hurwitz's motion to dismiss for insufficient service be deemed **MOOT**.

1

##  I.    Discussion

On this day, the Court has issued a Report and Recommendation on Defendants' motions to dismiss and for judgment on the pleadings. Given the Court's recommendation that the First Amended Complaint be dismissed, the motion at Docket No. 144 should be deemed **MOOT**.

However, if the recommendation for dismissal of the First Amended Complaint is not adopted, Plaintiffs should be allowed to serve Hurwitz by publication. Plaintiffs filed their initial complaint on February 28, 2022. Docket No. 1. Hurwitz first appeared, without submitting to the jurisdiction of the Court, to seek dismissal of the complaint due to Plaintiffs' failure to complete service of process within the time provided in Fed.R.Civ.P.4(m). Docket No. 83. Plaintiffs opposed and asserted that Hurwitz had evaded service despite Plaintiffs' prompt efforts to serve. Docket No. 89 at ¶ 9. Plaintiffs then sought service by publication. Id. at ¶ 3. Attached to their request was a sworn statement of a retained process server evidencing all efforts to personally serve Hurwitz. Id. at 4; Docket No. 89-2. Plaintiffs also informed that counsel for Hurwitz refused to accept service. Id. at ¶ 16; Docket No. 89-3. The Court granted an extension for Plaintiffs to serve and, if necessary, move the Court for service by publication by January 23, 2023. Docket No. 107. Within the deadline, Plaintiffs attempted to serve Hurwitz at his last known address in New York. See Docket Nos. 133; 153 at 5.

Hurwitz does not dispute that Plaintiffs completed service in compliance with New York law within the deadline. Hurwitz claims that Plaintiffs failed to properly serve because the New York address is not his dwelling and his driver's license provides an address in the Palmas del Mar complex in Humacao. Docket Nos. 164 at 5; 153-6. However, as argued by Plaintiffs, after completing a public search (Docket No. 138 at Exhibit F), Plaintiffs had a valid reason to believe Hurwitz's last known address was 89 Spook Rock Road, Suffern, NY 10901. It thus appears that Plaintiffs had a reasonably good faith belief that Hurwitz was properly served in New York within the deadline. Further, Hurwitz has known of the pending litigation since its inception (joining other Defendants' motion to dismiss). It also appears that Hurwitz has refused to accept service or to waive service. There is good cause to extend the Rule 4 deadline for service when "[t]he plaintiff's failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of process or engaged in misleading conduct, [or] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s]." Moreno-Pérez v. Toledo-Dávila, 266 F.R.D. 46, 49-50 (D.P.R. 2010). Plaintiffs

have thus established good cause to extend the time for service as they have exhausted diligent efforts to locate and serve Hurwitz. If this case were to proceed to discovery, good cause exists to grant Plaintiffs an extension to serve Hurwitz and to do so by publication. See Rule 4.6 of the Puerto Rico Rules of Civil Procedure, 32 P.R.Laws Ann. App. V; Roosevelt REO PR, Corp. v. Oquendo-Robles, 2018 WL 11461953 at 2 (D.P.R.); Calderón Serra v. Banco Santander Puerto Rico, 2012 WL 3067609 at 3 (D.P.R.); Urb. Fin. of Am. LLC v. De Jesus Rosario, 365 F.Supp.3d 237, 239 (D.P.R. 2019) (service by publication is warranted when the affidavit of the licensed server provides details of fruitless efforts to locate a defendant).

## II.    Conclusion

Because the Court has recommended the dismissal of the First Amended Complaint, the undersigned recommends that Hurwitz's motion to dismiss for insufficient service at Docket No. 144 be deemed **MOOT**.

This Report and Recommendation is filed pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have **fourteen (14) days** to file any objections to this Report and Recommendation. Failure to file specific objections within the specified time precludes further review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F. 2d 22, 30-31 (1st Cir. 1992); Maisonet v. Genett Group, Inc., 863 F.Supp.2d 138, 143 (D.P.R. 2012) (absent specific objection, no obligation to review portion of Magistrate Judge's recommendation).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 9th day of August 2023.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
