IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TAX-FREE FIXED INCOME FUND FOR
PUERTO RICO RESIDENTS, INC., et al.,

    Plaintiffs,

v.

OCEAN CAPITAL LLC, et al.,

    Defendants.

───────────────────────────────

OCEAN CAPITAL LLC,

    Counterclaim Plaintiff,

v.

PUERTO RICO RESIDENTS TAX-FREE
FUND, INC., PUERTO RICO RESIDENTS
TAX-FREE FUND VI, INC. and TAX-FREE
FUND FOR PUERTO RICO RESIDENTS,
INC,

    Counterclaim Defendants.

Civil No. 22-1101 (GMM)

**REPORT AND RECOMMENDATION**

    On September 8, 2023, the Court issued an Opinion and Order dismissing the First Amended Complaint filed by nine closed-end investment companies[1] (collectively, "Plaintiffs" or the "Funds") asserting violations of Sections 13(d), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and of the applicable rules and regulations of the Securities and

---

[1] Plaintiffs include Tax-Free Fixed Income Fund for Puerto Rico Residents, Inc. ("Fund I"), Tax-Free Fixed Income Fund II for Puerto Rico Residents, Inc. ("Fund II"), Tax-Free Fixed Income Fund III for Puerto Rico Residents, Inc. ("Fund III"), Tax-Free Fixed Income Fund IV for Puerto Rico Residents, Inc. ("Fund IV"), Tax-Free Fixed Income Fund V for Puerto Rico Residents, Inc. ("Fund V"), Puerto Rico Residents Tax-Free Fund, Inc. ("PRRTFF I"), Puerto Rico Residents Tax-Free Fund IV, Inc ("PRRTFF IV"), Puerto Rico Residents Tax-Free Fund VI, Inc. ("PRRTFF VI") and Tax-Free Fund for Puerto Rico Residents ("TFF I").

Exchange Commission. Docket No. 195. The Defendants are Ocean Capital LLC ("Ocean Capital"), William Heath Hawk, José R. Izquierdo II, Brent D. Rosenthal, Roxana Cruz-Rivera, Ethan Danial, Mojdeh L. Khagan, PRCE Management LLC, Benjamin T. Eiler, Vasileios A. Sfyris, Francisco González, Gustavo Nevárez Torres, Alejandro Acosta Rivera, Honne II, LP, Meir Hurwitz, Mario J. Montalvo, José M. Pérez-Gutiérrez, RAD Investments, LLC, Sanzam Investments LLC, Juan E. Soto Alvarado, Sandra Calderón, The Estate of José Hidalgo, and Avraham Zeines. The Court issued Partial Judgment accordingly. Docket No. 200. Ocean Capital's Amended Counterclaims at Docket No. 168 are pending. Id.

Ocean Capital's Amended Counterclaims against PRRTFF I, PRRTFF VI, and TFF I seek a declaratory judgment to validate the election of certain directors to the boards of directors of those funds.[2] Docket No. 168. Ocean Capital also seeks injunctive relief under 14 P.R. Laws Ann. § 3655(a)[3]. Id.; Docket No. 169. On September 22, 2023, Plaintiffs filed a motion seeking entry of a final judgment, which proposed, as one option, that the Court enter Rule 54(b) judgment on the dismissal of Plaintiffs' securities claims and stay further proceedings (i.e., the adjudication of Ocean Capital's counterclaims) pending the appeal of that judgment. The second alternative proposed that the Court enter judgment in favor of Ocean Capital on its counterclaims. But that the Court stay the effect of the judgment granting declaratory and injunctive relief in favor of Ocean Capital pending the outcome of Plaintiffs' appeal on the dismissal of the securities claims. Docket No. 202. On October 6, 2023, Ocean Capital, PRCE Management LLC, William Heath Hawk, Benjamin T. Eiler, Vasileios A. Sfyris, José R. Izquierdo II, Brent D. Rosenthal, Roxana

---

[2] Ocean Capital's counterclaims arise under Puerto Rico law but share a common nucleus of operative facts with Plaintiffs' securities claims. The Court may exercise supplemental jurisdiction over the counterclaims. See 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the districts courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."); Global NAPS, Inc. v. Verizon New Eng. Inc., 603 F.3d 71, 87 (1st Cir. 2010), cert. denied, 562 U.S. 1200 (2011); McMillan v. Rodríguez-Negrón, 511 F.Supp.3d 75, 80-81 (D.P.R. Dec. 18, 2020) (finding that the Court had jurisdiction over the defendant's breach of contract counterclaim but dismissing for failure to state a claim under Puerto Rico law). The Court need not determine whether the counterclaims are compulsory or permissive. Wright & Miller, et al., Federal Practice and Procedure § 3567.1, n.23 (2024).

[3] Under Section 3655(a), "the Court of First Instance (Superior Part) may hear and determine the validity of any election, appointment, removal or resignation of any director, member of the governing body, or officer of any corporation, and the right of any person to hold or continue to hold such office, and, in case any such office is claimed by more than one (1) person, may determine the person entitled thereto." And the court "may make such order or decree as may be just and proper". 14 P.R. Laws Ann. § 3655

Cruz-Rivera, Ethan Danial, and Mojdeh L. Khaghan (jointly referred to herein as "Ocean Capital and the Affiliated Defendants") opposed, requesting that the Court decline to enter a Rule 54(b) judgment on the dismissal of Plaintiffs' securities claims. Ocean Capital and the Affiliated Defendants agree for the Court to enter judgment granting the counterclaims at Docket No. 168, and the subsequent declaratory judgment and permanent injunction sought therein (herein, the "Judgment") but oppose the request for a stay of the Judgment pending Plaintiffs' appeal of the Court's dismissal of their securities claims. Docket No. 203. Because both Plaintiffs and Ocean Capital and the Affiliated Defendants consent for Judgment to be entered granting Ocean Capital's counterclaims at Docket No. 168 (see Docket No. 208), the only remaining portion of Plaintiffs' motion is whether the Court should stay the effect of the Judgment pending appeal of the dismissal of Plaintiffs' securities claims.

The case has been referred to the undersigned for pretrial management and Report and Recommendation on dispositive matters. Docket Nos. 61, 165, 170, 205. Having carefully considered the arguments made by each side, and for the reasons discussed below, the Court recommends that Plaintiffs' motion for stay pending appeal at Docket No. 202 be **GRANTED** and that the Court issue a Judgement as to Ocean Capital's Amended Counterclaims consistent with the proposed order at Docket No. 209-1.

## I. Standard of Review

Federal district courts have discretion to grant a stay when the efficacious management of court dockets reasonably requires it, or prudential reasons are present. Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004); Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992). Notwithstanding the foregoing, there must be good cause to issue the stay, its duration must be reasonable, and courts must weigh competing interest and balance equities. Bd. of Trustees v. ILA Local 1740, AFL-CIO, 2022 WL 3083709, at *1 (D.P.R. Aug. 3, 2022). If there is danger that the stay will cause harm on the non-movant, the party seeking the stay "must demonstrate a clear case of hardship" in being required to move forward. Austin v. Unarco Indus., 705 F.2d 1, 5 (1st Cir. 1983). Thus, in evaluating a motion to stay pending appeal, courts must consider four factors: (1) the movant's likelihood of success on appeal, (2) whether the movant will suffer irreparable harm if the stay is not granted, (3) whether any other parties interested in the proceedings will suffer substantial harm if the stay is granted, and (4) where the public interest lies. Does 1-3 v. Mills, 39 F.4th 20, 24 (1st Cir. 2022); District 4 Lodge of the Int'l Assoc. of

Machinists and Aerospace Workers Local Lodge 207 v. Raimondo, 18 F.4th 38, 42 (1st Cir. 2021). The first two factors are the "most critical." Id. (quoting Nken v. Holder, 556 U.S. 418, 426 (2009)).

## II.   Discussion

Plaintiffs ask the Court to stay the effect of the Judgment in favor of Ocean Capital's counterclaims until the First Circuit resolves the appeal of the dismissal of their securities claims. Docket No. 202. They argue that Ocean Capital invested in the Funds with the sole purpose of pursuing an outcome uniquely beneficial to the principals and affiliates of Ocean Capital, such as the liquidation of the Funds or enacting a share repurchase program. Plaintiffs posit that Ocean Capital has "signaled its intent to disrupt the Funds' operations" by submitting proposals that attempt to terminate the Funds' investment advisory agreements without a backup plan. Docket No. 202 at p.3. Those actions, as alleged by Plaintiffs, could result in the liquidation of the Funds and would be impossible to unwind, potentially causing irreparable harm to the Funds and their shareholders. Id.

**1. Likelihood of Success or Serious Legal Question on Appeal**

The Court must first determine whether Plaintiffs have shown a likelihood of success on the merits of their appeal, which seeks to overturn the dismissal of Plaintiffs' claims for securities violations. To satisfy this requirement, Plaintiffs must show that there is "more than a mere possibility" of success on appeal. Nken, 556 U.S. at 426; Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (a "strong likelihood" of prevailing on appeal is required). Plaintiffs may also show that their appeal "raise[s] serious and difficult questions of law in an area where the law is somewhat unclear." Bos. Taxi Owners Assoc., Inc. v. City of Bos., 187 F.Supp.3d 339, 341-42 (D. Mass. May 2, 2016) (quoting Canterbury Liquors & Pantry v. Sullivan, 999 F.Supp. 144, 150 (D. Mass. Mar. 18, 1998)).

Plaintiffs' argument is straightforward. They contend that the Court mischaracterized General Aircraft Corp. v. Lampert, 556 F.2d 90 (1st Cir. 1977) and their Section 13(d) claims. Docket No. 202 at pp. 13-14. Plaintiffs read Lampert to say that an incomplete and misleading Schedule 13D causes irreparable harm to the stockholders and that such a harm continues whenever the responsible party does not correct the Schedule 13D. Docket No. 202 at p. 14. And that, in the instant case, the Schedule 13D has never been "corrected and amplified." Id. Ocean Capital and the Affiliated Defendants counter that Plaintiffs' arguments have already been rejected

4

by this Court and that Plaintiffs' reading of Lampert is wrong. Docket No. 203 at pp. 9-10. Ocean Capital and the Affiliated Defendants rely on the fact that the Court dismissed Plaintiffs' securities claims at the pleading stage for failure to state a claim as additional support to oppose the stay.

The undersigned issued a Report and Recommendation at Docket No. 187. In that Report and Recommendation, the undersigned considered the Lampert case but did not find it to be dispositive. As explained in the Report and Recommendation, Section 13(d) is a reporting provision which seeks to provide shareholders relevant and adequate information for them to make informed decisions. Id. The First Circuit in Lampert reviewed the decision of the district court to grant a preliminary injunction in favor of the corporation. There, appellants had been deemed to be a "group" required to comply with the disclosure provisions of Section 13(d). Id. at 92. The issue before the First Circuit was whether there was sufficient evidence at the preliminary injunction stage to conclude that appellants had filed an "inaccurate and misleading Schedule 13D" which required correction. Id. at 93-96. The First Circuit found that there had been evidence of a Section 13(d) violation because "[t]he Schedule 13D was […] inaccurate and misleading as of the date it was filed." Id. at 96. The First Circuit affirmed the district court's decision to issue injunctive relief (to prevent irreparable harm) requiring appellants to amend their Schedule 13D to accurately reflect their intentions. Id. at 97. But the First Circuit in Lampert did not consider (because it was not an issue on appeal) whether supplemental filings could sufficiently cure a Schedule 13D or what would have to be contained in any such supplemental filings to deem Section 13(d) reporting requirements satisfied. The issue before the undersigned, and before the Court when it issued its Partial Judgment, was whether curative filings (such as supplements with a summary of the allegations in the complaint and a copy of the pleadings) were sufficient to moot Section 13(d) claims. Noting that there was no First Circuit case law on point and not having found similar cases in the District of Puerto Rico, the undersigned relied on other district caselaw for guidance. The overwhelming weight of authority on the issue (which included recent cases after the Lampert decision) support a conclusion that Plaintiffs' Section 13(d) claims were moot. See Docket No. 187 at pp. 13-16 (citing and discussing Avnet, Inc. v. Scope Industries, 499 F.Supp. 1121, 1125-26 (S.D.N.Y. 1980); Condec Corp. v. Farley, 573 F.Supp. 1383, 1397 (S.D.N.Y. 1983); Weeden v. Continental Health Affiliates, Inc., 713 F.Supp. 396, 298-400 (N.D.Ga. 1989); Vestcom Intl, Inc. v. Chopra, 114 F.Supp.2d 292, 299-300 (D.N.J. 2000); Taro Pharm. Indus., Ltd. v. Sun Pharm. Indus., Ltd., 2010 WL 2835548, at *9-16 (S.D.N.Y. 2010); Lions Gate

5

Entertainment Corp. v. Carl C,. Icahn, 2011 WL 1217245, at *1-2 (S.D.N.Y. 2011); Cartica Management, LLC v. CorBanca, S.A., 50 F.Supp.3d 477, 494-96 (S.D.N.Y. 2014); Nano Dimension Ltd. v. Murchinson Ltd., 2023 WL 4422788, at *10-13 (S.D.N.Y. 2023), appeal docketed, No. 23-1141 (2nd Cir. Aug. 9, 2023). The presiding District Judge agreed with the undersigned.

Plaintiffs have not addressed the cases cited above, choosing to rely solely on Lampert. The undersigned is unconvinced. That said, however, there is a fair argument to be made that the issue of curative filings (and what the content of those curative filings should be) and the impact that those curative filings may have on a Section 13(d) claim presents a serious legal question, which has not been resolved by the First Circuit. Bearing in mind that a stay is favored when there is a serious legal question on appeal, this factor weighs in favor of the stay pending appeal. See Providence J. Co. v. Fed. Bureau of Invest., 595 F.2d 889, 890 (1st Cir. 1979) (granting a stay is favored when serious legal questions are present).

### 2. Irreparable Harm

Plaintiffs proffer that seating Ocean Capital's nominees on the board of directors will constitute a "substantial, irreparable harm" because Ocean Capital will take on a variety of actions that will "be difficult, if not impossible, to unwind," including share repurchase or liquidation. Docket No. 202 at pp. 15-17. Ocean Capital argues, in sum, that Plaintiffs raise speculative and insufficient reasons for granting a stay. And that, in any event, caselaw supports its contention that siting new board members does not cause irreparable harm. Docket No. 203 at pp. 11-13.

A stay is not warranted as a matter of right. Puerto Rico Asphalt, LLC v. Betteroads Asphalt, LLC, 2020 WL 698249, at *6 (D.P.R. Feb. 11, 2020); Nken, 556 U.S. at 427. "[S]imply showing some possibility of irreparable injury" fails to satisfy the second prong of the analysis. Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926); Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of Bos., 996 F.3d 37, 44 (1st Cir. 2021). A stay cannot be granted simply because the losing party may suffer an adverse consequence. Puerto Rico Asphalt LLC, 2020 WL 698249, at *6. "What matters is not the raw amount of irreparable harm [a] party might [] suffer, but rather the risk of such harm in light of the party's chance of success on the merits." P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005). Irreparable harm must be actual and imminent, not remote or speculative. Puerto Rico Asphalt LLC, 2020 WL 698249, at *7.

Plaintiffs' argument for irreparable harm is persuasive. Absent a stay pending appeal of the dismissal of Plaintiffs' securities claims, the directors elected to the PRRTFF I, PRRTFF VI, and TFF I boards would join the respective funds' boards. During their tenure, these directors would necessarily have to participate in decisions pertaining to the structure and investments of the Funds, could explore and agree to the sale or purchase of assets, and could direct or cause the direction of changes in management and policies for the Funds. If Plaintiffs prevail on appeal, there is a possibility that those board members would have to withdraw pending resolution of Plaintiffs' claimed securities violations. Trying to overturn or set aside decisions of those new directors would very likely result in a waste of corporate resources and the disruption of fund management. Furthermore, as Plaintiffs correctly point out, Ocean Capital has already expressed its goal of "exploring new avenues to improve value for stockholders." Docket No. 168 at pp. 39, 48, 54. And, in its proxy statement, Ocean Capital disclosed in no uncertain terms that the elected candidates "w[ould] be committed to […] the reestablishment of a share repurchase program, the liquidation of the Fund to realize its net asset values and other value-unlocking initiatives." See Docket No. 202 at p. 15 n.7. There can be little question that the liquidation of the funds' assets would be irreversible. Ocean Capital has already expressed that liquidation is a viable alternative. The risk of irreversible board action here supports a finding of irreparable harm.[4] Klaassen v. Allegro Dev. Corp., 2013 WL 5967028, at *3 (Del Ch. Nov. 7, 2013) ("If the unauthorized actions could not be unwound or remedied, then irreparable injury would result."). See also Zohar II 2005-1 Ltd. v. Fsar Holdings, Inc., 2017 WL 6761234, at *14 (Del. Ch. Dec. 29, 2017) (finding risk of irreparable harm if the management structure was abruptly changed and then later returned to its current form).

Ocean Capital's reliance in Johnson v. Saba Cap. Mgmt., L.P., 2023 WL 1345717 (S.D.N.Y. Jan. 31, 2023) and Zhou v. Deng, 2022 WL 1617216, at *1 (Del. Ch. May 23, 2022) is unpersuasive. Ocean Capital argues that Johnson supports denying a stay where the movant seeks to enjoin seating newly elected directors amid alleged violations to Sections 13(d) and 14(a). Johnson, 2023 WL 1345717, at *2. The court in Johnson held that "an uninformed vote 'does not itself amount to irreparable harm' if 'the difficulties inherent in unwinding large corporate

---

[4] In recommending dismissal of Plaintiffs' amended complaint, the undersigned found that "the fact that liquidation of the funds is included as one of the alternatives is in and of itself sufficient to put shareholders on notice that, if elected, the new board members could seek the liquidation of the funds." Docket No. 187 at p. 20.

transactions' 'are absent.'" Id. (quoting Silberstein v. Aetna, Inc., 2014 WL 1388790, at *4 (S.D.N.Y. Apr. 9, 2014)). The court found that the movants' assertions of injury were speculative, not imminent or concrete, so they had failed to establish irreparable harm. That is not the case here. Plaintiffs have provided factual support for their allegation of potential harm. Ocean Capital also relies on Zhou to argue that loss of board control cannot, by itself, constitute irreparable harm. Docket No. 203 at p. 12. Zhou, 2022 WL 1617216, at *2. But this case is different. Plaintiffs' injury would not stem from the loss of board control only but on the decisions that could be made by the new directors who have already signaled a share repurchase program or the liquidation of the funds. A liquidation of the funds would undoubtedly be a "large corporate transaction" difficult to unwind. Plaintiffs have identified a concrete harm if Ocean Capital were to sit the newly elected directors in the boards of PRRTFF I, PRRTFF VI, and TFF I. This factor weighs in favor of a stay.

### 3. Substantial Harm to Interested Parties

Plaintiffs argue that the stay will not cause substantial harm to Ocean Capital because the appeal will be "brief and concise", and Ocean Capital has failed to identify any such harm other than not being able to sit its elected nominees on the board of directors. Docket No. 202 at pp. 17-18. While the Court is aware that staying the instant action will present some hardship to Ocean Capital and the Affiliated Defendants and will delay the expedited relief sought under Section 3655 of the Puerto Rico General Corporations Law, "judicial resources and the resources of the parties will be conserved if th[e] case proceeds as a whole." Villafañe-Colón v. B Open Enterprises, 932 F.Supp.2d 274, 281 (D.P.R. Mar. 26, 2013). Additionally, there is no allegation by Ocean Capital and the Affiliated Defendants as to how the funds' performance and governance could suffer harm on account of a stay. See Klaassen, 2013 WL 5967028, at *3 ("The defendants' position reduces to an argument that if there is a stay, Allegro will not be able to achieve as much as it otherwise would. They do not contend that Allegro's progress will reverse itself.… The defendants have not shown that Allegro… will suffer substantial harm from a stay.").

### 4. Public Interest

Lastly, the public interest will not be harmed if a stay is issued. Although the Funds are public companies, the composition of the board of directors is of exclusive pertinence to its shareholders.[5]

---

[5] Ocean Capital agrees that the "public interest" prong does not implicate the public interest and is, at best, neutral. Docket No. 203 at p. 16.

### III.    Conclusion

For the reasons discussed above, the undersigned recommends that Plaintiffs' motion for stay pending appeal at Docket No. 202 be **GRANTED** and that the Court issue a Judgement as to Ocean Capital's Amended Counterclaims consistent with the order proposed at Docket No. 209-1.

This Report and Recommendation is filed pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have **fourteen (14) days** to file any objections to this Report and Recommendation. Failure to file specific objections within the specified time precludes further review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F. 2d 22, 30-31 (1st Cir. 1992); Maisonet v. Genett Group, Inc., 863 F.Supp.2d 138, 143 (D.P.R. 2012) (absent specific objection, no obligation to review portion of Magistrate Judge's recommendation).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 13th day of May 2024.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge